**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re JEREMY E. STANLEY and KATHERINE L. STANLEY, | ) Case No. 11-62125-LYN ) ) |
| Debtors, | ) ) |

## MEMORANDUM AND ORDER

This matter comes before the court on the Chapter 13 trustee's objection to confirmation.

*Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A)&(B). Accordingly, this court may render a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as directed by Fed.R.Civ.P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

*Facts*

On August 8, 2011, the Debtor(s) filed a chapter 13 petition. The Chapter 13 plan ("the Plan") provides for payments over a period of thirty-six months. The Plan also provides that counsel for the Debtor(s) will be compensated a total of $3,124.00, consisting of $2,750.00 for

1

services rendered, $274.00 for statutory filing fees ("the Filing Fees") advanced, and $100.00 for "credit counseling" fees advanced. It is unclear whether the fees for "credit counseling" include only fees for the credit counseling course ("the Credit Counseling Course") as required under 11 U.S.C. §§ 109(h) & 111 or also includes the instructional course concerning personal financial management ("the Financial Management Course") required under 11 U.S.C. §§ 1328(g)(1) and 111.[1] Counsel states that he will not seek reimbursement directly from the Debtor for any fees actually advanced, even if he never receives payment from the estate for those fees.

The Chapter 13 trustee brought the matter before the court as part of the objection to confirmation which is filed in every Chapter 13 case. Subsequently, the matter came on for hearing.

## *Discussion*

The court may award to a professional person reasonable compensation for actual, necessary services and reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a). The court may allow administrative expenses for the actual, necessary costs and expenses of preserving the estate. 11 U.S.C. § 503(a). The issue, then, is whether the fees advanced are actual, necessary costs of preserving the estate. The burden of proof is on the party seeking

---

[1] It appears that the fee for credit counseling is generally $50.00.

Q: Will the U.S. Trustee Program (USTP) provide guidelines on what constitutes a "reasonable fee"?

A: The USTP has not set a dollar amount for what constitutes a reasonable fee for the pre-bankruptcy counseling required by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Based on information provided by the industry, we believe this service generally will be available for a fee ranging from free to $50. There are, however, numerous variables that may impact an agency's fee structure, including geography, types of services, administrative costs, and alternate funding sources. The USTP will give due consideration to these factors and to the fees customarily charged in the industry for similar services in determining the reasonableness of a particular agency's fees.

*See* http://www.justice.gov/ust/eo/bapcpa/ccde/cc_faqs.htm#fee_issue6

2

payment of the administrative expense claim. *See, e.g., In re McGuier,* 346 B.R. 151 (Bankr. W.D. Pa. 2006). The claimant must prove that he or she is entitled to an award of the administrative expense by a preponderance of the evidence. *Id.*

It is concluded that the total fees of $374.000 is comprised of the fee for Credit Counseling Course ($50.00), the Filing Fee ($274.00), and the fee for the Financial Management Course ($50.00).[2]

The first issue is whether a bankruptcy attorney may advance the debtor fees to pay for the debtor's Credit Counseling Course. There are two reasons why the Court will not approve such an advance. First, counsel creates a conflict of interest by advancing the fee for the Credit Counseling Course. The Credit Counseling Course must be taken during the 180-day period immediately prior to the filing of the petition. 11 U.S.C. § 109(h)(1). The fee is due at the time that a debtor takes the course. Consequently, in order to advance the fees to the debtor, the attorney would have to do so pre-petition. This presents a problem in that it creates a pre-petition creditor-debtor relationship between the attorney and the debtor(s), thus causing the attorney to have a pre-petition claim[3] against the estate when the debtor(s) files the Chapter 13 petition. This necessarily creates an overt conflict of interest between the attorney's fiduciary duty to the client to act in the client's best interest, and the attorney's own natural interest in maximizing his or her wealth by collecting the debt that gives rise to the claim. It is accordingly concluded that it is improper for counsel to advance the pre-petition Credit Counseling fee.

---

[2] It is not relevant to the analysis herein if this division of the $374.00 among the three kinds of fees is incorrect.

[3] A claim is defined by 11 U.S.C. § 101(5) as any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."

The second reason that the Court will not approve the reimbursement of fees for Credit Counseling Course is that it is not necessary to advance the fees because the Debtor(s) should have the funds to pay that fee before the petition is filed. The Credit Counseling Course must be taken pre-petition. The fee is due at that time. If the debtor has the disposable income sufficient to fund a chapter 13 plan after filing the petition, then he or she must necessarily have the financial ability to pay the $50.00 fee for the Credit Counseling Course at a time when he or she is not making a plan payment. If the debtor does not have the disposable income sufficient to fund a chapter 13 plan, then the filing of a petition would be fruitless and the Credit Counseling Course would be unnecessary, in which case there would be no need to advance the fee.

The second component of the fees requested is the Filing Fee which is paid to the Clerk of the Court when the petition is filed. The issue is whether the Filing Fee is an actual, necessary post-petition cost of preserving the estate. A voluntary bankruptcy case is commenced by the filing of a petition with the clerk of the bankruptcy court. 11 U.S.C. § 301(a). Every petition must be accompanied by the Filing Fee, with certain exceptions not relevant in this instance. Fed.R.Bankr.P. 1006(a). It is concluded that the Filing Fee is a post-petition expense. The commencement of a case under section 301, 302, or 303 of title 11 creates an estate. 11 U.S.C. § 541(a). If a debtor fails to pay the Filing Fee, the case may be dismissed after notice and a hearing. Fed.R.Bankr.P. 1017. The Filing Fee is therefore an actual, necessary expense of preserving the estate because the case would be dismissed if that fee were not paid. It follows that counsel may advance, and may be allowed an administrative claim for the advancement of, the Filing Fee.

The third component of the fees requested is for the cost of the Financial Management

Course.  First, the payment of the fee for the Financial Management Course is not necessary for the preservation of the estate, because the estate will be administered whether or not the Debtor takes the course.  There is no reason for counsel to advance the fee for the Financial Management Course.

Second, the Financial Management Course may, and probably should, be taken after a debtor has completed his or her performance under the plan.  The Financial Management Course is required before a Chapter 13 debtor is entitled to receive a discharge.  11 U.S.C. §§ 1328(g). In Chapter 13, the debtor does not receive a discharge until he or she has completed his or her performance as required under the plan.  In the vast majority of cases for below-median income debtors, the debtor will not complete his or her performance as required under the plan for at least thirty-six months after the petition is filed.       After the debtor has completed the requirements under the plan, the Chapter 13 trustee files a certificate of completion and the order of discharge is entered on the docket.  Approximately ninety days thereafter the Chapter 13 trustee files his or her final report and the case is closed.

For this reason, and because less than 40% of all Chapter 13 debtors complete their plan, a debtor need not take the Financial Management Course until he or she has completed, or almost completed, the Chapter 13 plan requirements.  After the debtor completes his or her performance under the Chapter 13 plan, the debtor should have more than sufficient disposable income to pay the fee for the Financial Management Course because he or she will no longer owe any plan payments.  Consequently, it is concluded that the advancement of the fee for the Financial Management Course is not necessary.

*Conclusion*

The Plan as filed cannot be confirmed because it contains a provision for the reimbursement of fees advanced by counsel for the Credit Counseling Course and the Financial Management Course.  The conclusions in this memorandum are based on the fact that the attorney has waived any right to collect the advanced Filing Fee from any source except the estate and that the payment of the Filing Fee through the Plan does not affect creditors because it is added to the end of the plan.

**ORDER**

The objection of the Chapter 13 trustee to the confirmation of the Plan is sustained, without prejudice.   The Debtor(s)  may filed an amended plan that provides for the reimbursement of the Filing Fee in the amount of $274.00.   The Debtor(s) need not notice such a plan as the allowed amendment will not adversely affect the rights of the creditors in this case.

So ORDERED.

Upon entry of this Memorandum and Order the Clerk shall forward a copy to Stephen E. Dunn, Esq., the Chapter 13 trustee and the United States trustee.

Entered on this  8th  day of November, 2011.

_____
William E. Anderson
United States Bankruptcy Judge

6